PER CURIAM.
We deny the petition for certiorari as petitioners failed to show irreparable injury or that the trial court departed from the essential requirements of law in denying *602 the motion to disqualify respondents’ attorneys from continued representation in this case.
The petitioner insurance companies sought to disqualify the respondents’ attorneys from representing the respondents. The attorneys originally represented a father, mother and daughter in connection with an automobile accident and related malpractice claim. The father drove the vehicle in which his passenger daughter was injured in a collision. After the father gave his deposition and after full consultation, the attorneys deemed it necessary on behalf of the mother and daughter, to sue the father for negligence in causing the accident. The father consented, then was joined as a defendant together with his insurance company, and now has retained his own counsel. The insurance companies challenged the continued representation of the mother and daughter by the law firm, even though the father consented to its continued representation of the mother and daughter against him. Additionally, the father filed an affidavit stating he had said everything pertinent to the case in his deposition, he did not consider anything he said to his former counsel privileged, and he saw no disadvantage to him of their continued representation of his family. We note that here no proof of substantial prejudice or circumstances exists calling into question the fair and efficient administration of justice and, therefore, need not address the impact of such factors on a question of standing where they are present.
HERSEY, C.J., and STONE, J., concur.
WARNER, J., concurs specially with opinion.